UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BEED, | 1:08-CV-00088 AWI GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| B. CURRY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

On May 26, 1995, Petitioner was convicted in the Kern County Superior Court of possession of methamphetamine and possession of drug paraphernalia. The jury also found true allegations that Petitioner had suffered two prior convictions for robbery in 1976 and 1984. Pursuant to California's Three Strikes law, Petitioner was sentenced to life with the possibility of parole.

Petitioner appealed his conviction to the California Court of Appeals, Fifth Appellate

---

[1] This information is derived from the petition for writ of habeas corpus.

District, and the judgment was affirmed. Petitioner then filed a petition for review in the California Supreme Court, where review was denied.

On January 17, 2008, Petitioner filed the instant federal petition for writ of habeas corpus. Petitioner claims that his Sixth and Fourteenth Amendment rights were violated when he was given a life sentence based on aggravating factors that were not submitted to a jury and proved beyond a reasonable doubt.

## DISCUSSION

I. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Failure to State a Cognizable Federal Claim

Petitioner was convicted of two drug charges. The jury was then charged with determining whether or not Petitioner had suffered two prior convictions of robbery. The jury found these allegations to be true. Petitioner contends the jury did not determine whether these convictions were of a "serious and/or violent" nature pursuant to the Three Strikes law. The trial judge actually made this finding. Petitioner claims his Sixth and Fourteenth Amendment rights were violated when the judge made this determination, and not the jury.

An error that violates a defendant's rights under the Constitution requires automatic reversal if it constitutes a "structural defect" in the trial. Arizona v. Fulminante, 499 U.S. 279, 310 (1991). Depriving a defendant of his right to a jury trial would constitute such structural error. Therefore, if Petitioner's argument is valid and structural error occurred, automatic reversal would be required in

this case.

Petitioner's claim is without merit. In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 243-247 (1998), the Supreme Court held that a prior conviction that is used as a sentencing enhancement is not subject to a requirement that a jury find it true beyond a reasonable doubt. Moreover, Petitioner's argument that construing his two prior robberies as violent felonies raises Sixth Amendment issues under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), fails to state a claim. In determining whether robbery under California law qualified as a violent felony under the Three Strikes law, the trial court engaged in statutory interpretation, not judicial factfinding, and "[s]uch analysis raises no Sixth Amendment issue." <u>James v. United States</u>, ___ U.S. ___, 127 S.Ct. 1586, 1600 (2007)<u>.</u>

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DENIED with prejudice.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 8, 2008**             **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE