1

2

3

4

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11                         EASTERN DISTRICT OF CALIFORNIA

12
ROBERT BEED,                         )    1:08-CV-00088 AWI GSA HC
13                                   )
                 Petitioner,         )    ORDER ADOPTING FINDINGS AND
14                                   )    RECOMMENDATION
                                     )    [Doc. #5]
15       v.                          )
                                     )    ORDER DENYING PETITION FOR WRIT
16                                   )    OF HABEAS CORPUS
                                     )
17                                   )    ORDER DIRECTING CLERK OF COURT
B. CURRY, Warden,                    )    TO ENTER JUDGMENT
18                                   )
                 Respondent.         )    ORDER DECLINING TO ISSUE
19 _____  )    CERTIFICATE OF APPEALABILITY

20
           Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
21
pursuant to 28 U.S.C. § 2254.
22
           On February 8, 2008, the Magistrate Judge issued a Findings and Recommendation that
23
recommended the petition be SUMMARILY DENIED with prejudice.  The Magistrate Judge further
24
recommended that the Clerk of Court be DIRECTED to enter judgment.  The Findings and
25
Recommendation was served on all parties and contained notice that any objections were to be filed
26
within thirty (30) days of the date of service of the order.
27
           On April 1, 2008, Petitioner filed objections to the Findings and Recommendation. In
28

accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.  Petitioner's primary argument in the objections is that the trial judge erred by making  findings of fact when construing his prior conviction as a serious felony for three-strikes purposes.  Petitioner claims this finding should have been left to the jury.   In Almendarez-Torrez v. United States, 523 U.S. 224, 243-247 (1998), the Supreme Court held that a prior conviction used as a sentencing enhancement is not subject to the requirement that a jury find it true beyond a reasonable doubt.   When determining whether an earlier conviction qualifies as a serious felony under the three-strikes law, the trial court engages in only statutory interpretation, not judicial factfinding, and "[s]uch analysis raises no Sixth Amendment issue." James v. United States, --- U.S. ----, 127 S.Ct. 1586, 1600(2007). Accordingly, the objections present no basis to not adopt the Findings and Recommendation.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the

applicant has made a substantial showing of the denial of a constitutional right.

   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

   If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

   In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

   Accordingly, IT IS HEREBY ORDERED that:

   1. The Findings and Recommendation issued February 8, 2008, is ADOPTED IN FULL;

   2. The Petition for Writ of Habeas Corpus is SUMMARILY DENIED with prejudice;

   3. The Clerk of Court is DIRECTED to enter judgment; and

   4. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:    April 16, 2008**                          **/s/ Anthony W. Ishii**
                                                     UNITED STATES DISTRICT JUDGE